UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY CHARLES LIZALEK
and KAREN NANCY LIZALEK,
and UNITED STATES LAND PATENT
CERTIFICATE No. 559,

      Plaintiffs,

v.                                                             Case No. 12-C-1005

MILWAUKEE COUNTY, and
LOT 7 IN BLOCK 2 IN MOUNT ROYAL ESTATES,
LOCATED IN THE NORTHEAST QUARTER
OF THE SOUTHEAST QUARTER OF SECTION
TWENTY, TOWNSHIP EIGHT NORTH,
RANGE TWENTY-TWO EAST
OF THE FOURTH PRINCIPAL
EXTENDED MERIDIAN, 1831.

      Defendants.

## DECISION AND ORDER

On October 3, 2012, the pro se Plaintiffs Gary Charles Lizalek ("Gary") and Karen Nancy Lizalek ("Karen") (collectively the "Lizaleks") and United States Land Patent Certificate No. 559, commenced this action by filing a verified Complaint to quiet title to real property against Defendants Milwaukee County ("County") and Lot 7 in Block 2 in Mount Royal Estates, located in the Northeast Quarter of the Southeast Quarter of Section Twenty, Township Eight North, Range Twenty-Two East of the Fourth Principal Extended Meridian,

1831.  Subject matter jurisdiction pursuant to 28 U.S.C. § 1331 is invoked. (Compl. ¶ 3.)

Gary filed a motion pursuant to Rule 65 of the Federal Rules of Civil Procedure requesting a preliminary injunction or a temporary restraining order staying a state court eviction trial in *Milwaukee County vs. Gary Charles Lizalek et al*, Milwaukee County Case No. 12SC030229, scheduled for October 8, 2012, at 1:30 p.m.  Generally, the Court does not consider a motion for injunctive relief unless the Defendants have been served and entered an appearance.  However, given the Plaintiffs' pro se status and the immediacy of the state court hearing, the motion is addressed herein.

## PRELIMINARY INJUNCTION

With respect to Gary's motion, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008).  Moreover, when a federal litigant wants to stay or enjoin the state court proceeding, additional considerations are brought into play requiring that the Court's analysis begin with the the Anti-Injunction Act, 28 U.S.C. § 2283.  "The Act is designed to prevent unnecessary friction between state and federal courts and to protect state court's from federal interference.*" Ramsden v. AgriBank, FCB,* 214 F.3d 865, 868 (7th Cir. 2000); *Zurich Am. Ins. Co. v. Superior Ct. of State of Cal.*, 326 F.3d 816, 824 (7th Cir. 2003) ("The Act rests on the 'fundamental constitutional independence of the States and their courts,' and its purpose is to make the dual system of state and federal courts work without 'needless friction.'") (quoting

2

*Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286-87 (1970)).

The Anti-Injunction Act bars a district court from staying pending "proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. If a federal court interferes with the state court proceedings, it must be "expressly authorized by Act of Congress," "necessary in aid of [the Court's] jurisdiction," or "to protect or effectuate (this Court's) judgments." *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287-88 (1970).

> The three exceptions to the Act are to be applied narrowly, and
>
> [a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion.

*Id*. at 297. If the requested injunction does not fall within one of the exceptions, the Act "absolutely prohibits in such an action all federal equitable intervention . . . regardless of how extraordinary the particular circumstances may be." *Mitchum v. Foster*, 407 U.S. 225, 229 (1972).

"A federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the

3

interference is unmistakably clear." *Atl. Coast Line R.R. Co.*, 398 U.S. at 294. This rule applies regardless of whether the federal court itself has jurisdiction over the controversy, or whether it is ousted from jurisdiction for the same reason that the state court is. *Id.* at 294-95 (citing cf. *Amalgamated Clothing Workers v. Richman Bros.*, 348 U.S. 511, 516-20 (1955)). Consequently, even if the state court eviction proceeding is unlawfully interfering with the Lizaleks' federal land patent, § 2283 precludes federal court interference with those state court proceedings.

In seeking injunctive relief, Gary does not rely on an Act of Congress expressly authorizing this Court to interfere in state court eviction proceedings. Furthermore, this Court has not entered a judgment that bears any relationship to the real property that is the subject of the state court action. The final question is whether, even if the Anti–Injunction Act applies,[1] an injunction is necessary in aid of this Court's jurisdiction.

This exception to the Anti–Injunction Act applies where "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line R.R. Co.*, 398 U.S. at 295. The exception applies where a "concurrent state proceeding . . . might render the exercise of the federal court's jurisdiction nugatory." *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir. 1996) (citation omitted) (internal quotation

---

[1] Here the eviction proceeding has already been instituted and so the Anti–Injunction Act comes into play, even though the request for an injunction is directed at defendants and not directly at the state court. *See Atl. Coast Line R.R. Co.*, 398 U.S. at 287 ("[T]he prohibition of § 2283 cannot be evaded by addressing the order to the parties.")

4

marks omitted). "[T]he possibility that a parallel state proceeding might 'interfere with a protected federal right' or erroneously apply federal law does not make an injunction 'necessary' to aid the court's jurisdiction," however. *Zurich Am. Ins. Co.*, 326 F.3d at 825. "Instead of an injunction by the federal district court, the aggrieved party's recourse is by appeal through the state court system and, ultimately, to the Supreme Court." *Id.* (citing *Atl. Coast R.R. Line*, 398 U.S. at 296). Here, this Court has not issued any orders and because the state court eviction action was filed before this action, this Court may not be able to entertain subject matter jurisdiction over this matter. *See SJ Properties Suites v. Specialty Finance Group, LLC*, 733 F.Supp. 2d 1021, 1031 (E.D. Wis. 2010) (citing *Kline v. Burke Construction Co.*, 260 U.S. 226, 229 (1922)). Thus, the Court cannot conclude that issuance of a stay or injunction, is necessary in aid of its jurisdiction.

In light of the foregoing, Gary's motion for a temporary restraining order or preliminary injunction staying the state court eviction proceedings is precluded by the Anti-Injunction Act, 28 U.S.C. § 2283, and, therefore, denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Gary's motion for a temporary restraining order or preliminary injunction staying the state court eviction proceedings (ECF No. 3) is **DENIED**.

Dated at Milwaukee, Wisconsin this 4th day of October, 2012.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa
U.S. District Judge**

6