UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GARY CHARLES LIZALEK,
KAREN NANCY LIZALEK, and
UNITED STATES OF AMERICA LAND
PATENT, CERTIFICATE NO. 559,

        Plaintiffs,

  -vs-

COUNTY OF MILWAUKEE, and
LOT 7 IN BLOCK 2 IN MOUNT ROYAL
ESTATES, LOCATED IN THE NORTHEAST
QUARTER OF THE SOUTHEAST QUARTER
OF SECTION TWENTY, TOWNSHIP EIGHT
NORTH, RANGE TWENTY-TWO EAST OF
THE FOURTH PRINCIPAL EXTENDED
MERIDIAN, 1831,

        Defendants.

Case No. 12-C-1005

---

### DECISION AND ORDER

---

*Pro se* Plaintiffs Gary Charles Lizalek and Karen Nancy Lizalek (collectively the "Lizaleks") commenced this action against the County of Milwaukee ("County") challenging its title to their house after a tax lien foreclosure and seeking to enjoin the County from pursuing an eviction proceeding it had commenced in the State courts.[1] Pursuant to the Federal Rules of Civil Procedure, the County filed a motion to dismiss

---

[1] The eviction action was dismissed on November 30, 2012. *Milwaukee Cnty. v. Lizalek*, No. 2012SC030229 (Milwaukee Cnty. Cir. Ct. Nov. 30, 2012.) *See* wcca.wicourts.gov (last visited on July 2, 2013). However, the Court addresses the issue because the Lizaleks ask for a permanent injunction preventing the County from "trespass, harassment, interference with, infringement upon, hindrance, impairment, molestation, imposing obligations(s) upon, or in any way or manner whatsoever controlling or attempting to control . . . [Plaintiffs'] *private* property." (Compl. 23-25.) (ECF No. 1.)

under Rule 12(b)(1) for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim. (ECF No. 12.) The Court grants the County's motion to dismiss for lack of subject matter jurisdiction.

## BACKGROUND

To give perspective regarding this action, the Court describes the various documents that the Lizaleks have filed. The 25-page "Verified Complaint to Quiet Title to Real Private Property" and its accompanying 33-page "Memorandum of Law" (ECF No. 15) are difficult to characterize because they contain over 100 distinct legal and philosophical citations with few facts. The 13-page "Material Authorities" section of the Complaint and all nine sections of the Memorandum of Law relate generally to the land that is the subject of the dispute without articulating a clear legal basis for the suit. Instead, the Lizaleks provide political and philosophical justifications for their refusal to pay property taxes or abide by the foreclosure and eviction proceedings.

Because the Complaint is lacking in facts, the Court takes judicial notice of various public documents to provide context for the dispute. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 556 (7th Cir. 2012). In July 2011, the County began foreclosure proceedings in the Circuit Court for Milwaukee County, Wisconsin upon the Lizaleks' house in Glendale, Wisconsin pursuant to its tax lien on the property. Although the Lizaleks contested the foreclosure, the circuit court ruled in favor of the County in February 2012. An amended judgment was entered on July 30, 2012.

*Milwaukee Cnty. v. List of Tax Liens for 2011 #1*, No. 2011CV011128 (Milwaukee Cnty. Cir. Ct. July 30, 2012). *See* wcca.wicourts.gov (last visited on July 2, 2013). An appeal from that judgment is fully briefed and is awaiting a decision by the Wisconsin Court of Appeals. *Milwaukee Cnty. v. List of Tax Liens for 2011 #1*, No. 2012AP000961 (Wis. Ct. App.). *See* wscca.wicourts.gov (last visited on July 2, 2013.)

In September 2012, the County began an eviction proceeding that prompted the Lizaleks to file this case seeking to quiet title and moving for a preliminary injunction or a temporary restraining order, in addition to a permanent injunction, staying the eviction. After this Court denied the Lizaleks' motion for a preliminary injunction and temporary restraining order (ECF No. 10), the County filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. The Lizaleks moved for summary judgment. (ECF No. 17.)

## DISCUSSION

Federal courts are courts of limited subject matter jurisdiction, only able to hear actions that Congress has designated. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). The burden of establishing subject matter jurisdiction is placed on the party asserting jurisdiction; here the Lizaleks. *See id.*

### Land Patent

The Lizaleks argue that this Court has subject matter jurisdiction because they possess a land patent to their property which they can trace back to a conveyance

from the federal government. They invoke federal question jurisdiction and claim that because their land patent originated from a congressional grant prior to the Wisconsin Enabling Act which gave authority over public lands to the state, it "arise[s] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Furthermore, the Lizaleks claim that the County has violated several sections of the United States Constitution (specifically article VI clause 2, article I section 10, and article IV section 3 clause 2), infringing their personal constitutional rights and presenting a federal question. However, for the following reasons the Court will dismiss the case for lack of jurisdiction.

Both the United States Supreme Court and the Court of Appeals for the Seventh Circuit have ruled that the existence of a land patent which can be traced back to an act of Congress does not grant federal question jurisdiction. *See Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 676-77 (1974); *Shulthis v. McDougal*, 225 U.S. 561, 570 (1912); *Joy v. City of St. Louis*, 201 U.S. 332, 341 (1906); *Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986); *Hilgeford v. Peoples Bank*, 776 F.2d 176, 178-79 (7th Cir. 1985); *Wisconsin v. Baker*, 698 F.2d 1323, 1327 (7th Cir. 1983). In a case strikingly similar to the one presently before the Court, the *Hilgeford* plaintiffs ("Hilgefords"), themselves *pro se*, filed a quiet title action against their mortgagee in the federal district court, claiming their federal land patent gave them superior title. 776 F.2d at 177. Following a clear line of cases, the district court

- 4 -

Case 2:12-cv-01005-RTR    Filed 07/02/13    Page 4 of 8    Document 23

dismissed the case for a lack of subject matter jurisdiction and the court of appeals affirmed. *Id.* at 179. The appellate court found that "[i]t is well settled . . . that a controversy regarding land has never been regarded as presenting a federal question simply because one of the parties to it has derived his title from a patent or under an act of Congress." *Id.* at 178; *see also Baker*, 698 F.2d at 1327 (finding Congress's transfer of rights to the State of Wisconsin via the Wisconsin Enabling Act of 1846 did not create a suit "arising under" federal law).

The *Hilgeford* court also ruled that the allegation of a constitutional violation does not provide federal question jurisdiction when the true underlying issue is a foreclosure, reasoning that "[t]he instant case does not require the interpretation or construction of the alleged [constitutional] bases of jurisdiction. Rather, the action involves only . . . foreclosure, proper for state court determination, not federal court." 776 F.2d at 179.

In their brief the Lizaleks attempt to distinguish this action from *Hilgeford,* indicating that the Hilgefords' patent was forged while the Lizaleks' is genuine. The distinction is immaterial. The court of appeals did not base its decision on the authenticity of the Hilgefords' patent, but rather ruled that land patents themselves do not grant jurisdiction.

The Lizaleks, like the Hilgefords, ultimately attempt to rest federal jurisdiction of their title dispute on the congressional origin of their land patent and related constitutional violations, but the Lizaleks' patent does not itself raise a federal

question nor does the Wisconsin Enabling Act create a federal question. The Lizaleks' allegations of constitutional violations are really masked attempts to reclaim title to their property and do not involve the interpretation of any federal statutes or constitutional provisions.

## Tax Injunction Act

While not argued by either party, the Lizaleks' suit is also barred by the Tax Injunction Act ("TIA"). Passed in 1937, the TIA's goal was to "restrict 'the jurisdiction of the district courts of the United States over suits relating to the collection of State taxes,'" *Hibbs v. Winn*, 542 U.S. 88, 104 (2004) (quoting S. Rep No. 75-1035, at 1 (1937)), in order to stop sophisticated taxpayers from avoiding taxes through routes other than the taxing authority. *Id.* at 105. The TIA states that "[t]he district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Supreme Court has extended the TIA to bar federal district courts from issuing injunctive or declaratory relief in state tax matters that fall within the act. *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982).

Assessing a tax lien, issuing a foreclosure based on that lien, and commencing eviction proceedings qualify under the statutory language as "collection of any tax [es]." 28 U.S.C. § 1341; *RTC Commercial Assets Trust 1995-NP3-1 v. Phoenix Bond & Indem. Co.*, 169 F.3d 448, 453 (7th Cir. 1999) ("it is difficult to see how

[preventing Cook County from foreclosing on the property] could be characterized as anything but an effort to 'enjoin, suspend, or restrain the . . . levy or collection' of a tax under state law") (quoting 28 U.S.C. § 1341). The United States Supreme Court has defined "plain, speedy and efficient remedy" in the state courts as one that has been "tailormade for taxpayers," *Hibbs*, 542 U.S. at 107, and "'provides the taxpayer with a full hearing and judicial determination' at which she may raise any and all constitutional objections to the tax," *Grace Brethren Church*, 457 U.S. at 411 (quoting *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 514 (1981)).

Like *Grace Brethren Church*, the Lizaleks' requests for injunctive and declaratory relief against the County are governed by the TIA. As in *RTC Commercial Assets Trust*, the County's foreclosure and eviction proceedings should be characterized as the collection of taxes under the act. Finally the Lizaleks have at their disposal "tailormade" hearings for a full judicial determination. Wisconsin Statute § 71.88(2) provides a specified tax appeals commission that will hear all aggrieved parties. This commission affords the Lizaleks and any other party the opportunity to air all of their complaints for a full review. Thus, the County's tax foreclosure and eviction actions fit squarely within the TIA, which bars this Court from hearing the Lizaleks' claim.

This Court lacks subject matter jurisdiction to hear the matter, and the County's motion to dismiss on that ground is granted. Consequently, the Court will dismiss the Rule 12(b)(6) motion and the Lizaleks' motion for summary judgment.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The County's motion to dismiss (ECF No. 12) is **GRANTED** based on the lack of subject matter jurisdiction and is **DISMSSED** in all other respects;

The Lizaleks' motion for summary judgment (ECF No. 17) is **DISMISSED**;

This action is **DISMISSED**; and,

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2013.

                **BY THE COURT:**

                _____
                **HON. RUDOLPH T. RANDA**
                **U.S. District Judge**