UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY CHARLES LIZALEK,
KAREN NANCY LIZALEK, and
UNITED STATES OF AMERICA LAND PATENT,
CERTIFICATE NO. 559,

        Plaintiffs,

     -vs-                                                          Case No. 12-C-1005

COUNTY OF MILWAUKEE, and
LOT 7 IN BLOCK 2 IN MOUNT ROYAL
ESTATES, LOCATED IN THE NORTHEAST
QUARTER OF THE SOUTHEAST QUARTER OF
SECTION TWENTY, TOWNSHIP EIGHT NORTH,
RANGE TWENTY-TWO EAST OF THE FOURTH
PRINCIPAL EXTENDED MERIDIAN, 1831,

        Defendants.

## DECISION AND ORDER

On July 2, 2013, this Court issued a Decision and Order granting Defendant County of Milwaukee's ("County") motion to dismiss on the ground of lack of subject matter jurisdiction, and dismissing the remaining grounds of that motion and the summary judgment motion filed by the pro se Plaintiffs Gary Charles Lizalek and Karen Nancy Lizalek (collectively the "Lizaleks"). Both the Decision and Order and the final judgment were entered on July 3, 2013. (ECF Nos. 23-24.)

On July 23, 2013, Gary Charles Lizalek ("Gary Charles")[1] filed a motion to recall the mandate and for leave to amend the complaint to correct deficiencies, and an affidavit. (ECF Nos. 25-26.) The County filed a response thereto on July 25, 2013. (ECF No. 27.) The time has passed for Gary Charles to file any reply. *See* Civil L.R. 7(c) (E.D. Wis.) This Decision and Order addresses the motion.

Gary Charles' motion does not cite any rule of federal civil procedure upon which he relies. Moreover, although the Court of Appeals routinely issues mandates this Court does not, and did not do so in this case. The Court construes the motion as either a motion to alter or amend judgment under the Federal Rules of Civil Procedure, Rule 59(e) or a motion for relief from judgment or order under Rule 60(b). *Obriecht v. Raemisch,* 517 F.3d 489, 493-94 (7th Cir. 2008). Pro se filings are read broadly and "it is the substance, rather than the form, of a post-judgment motion that determines the rule under which it should be analyzed." *Id.* at 493.

Rule 59(e) encompasses errors of law. *Id.* at 494 (citing *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989)). Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence. *Sigsworth v. City of Aurora,* 487 F.3d 506, 511-12 (7th Cir. 2007).

---

[1] The Court departs from its practice of referring to individuals by surname to distinguish between the Lizaleks. No disrespect is intended.

Rule 60(b) provides an extraordinary remedy that is granted only in exceptional circumstances. *See Eskridge v. Cook County,* 577 F.3d 806, 809 (7th Cir. 2009) "Rule 60(b) permits the court to relieve a party from an order on the grounds of mistake, inadvertence, or excusable neglect." *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000). The "catch-all" provision in Rule 60(b)(6), allowing relief for "any other reason that justifies relief," may also be applicable. Fed. R. Civ. P. 60(b)(6).

In large part, Gary Charles reiterates his previous arguments, disagrees with the Court's characterization of his filings, and seeks leave to amend his Complaint to allege jurisdictional facts. He cites paragraph 11 of his affidavit as clarifying the forum under which the Lizaleks filed this action. He also states that the Court's reference to "[t]he 25-page 'Verified Complaint to Quiet Title to Real Private Property' and its **accompanying** 33-page 'Memorandum of Law' (ECF No. 15)" was false because the Lizaleks filed their Complaint on October 3, 2012, and their memorandum on November 6, 2012. (Emphasis added).

In retrospect, perhaps the Lizaleks' memorandum of law should have been referred to as a "supporting" memorandum of law rather than an accompanying memorandum. However, the electronic filing number, 15, was included in the statement and there was no statement that the memorandum was contemporaneous. The Court was attempting to convey that the two documents were related.

However, regardless of whether the motion filed 19 days after the entry of

- 3 -

judgment is considered under the manifest error of law standard of Rule 59(e) or the exceptional circumstances standard of Rule 60(b)(6), Gary Charles has not established a basis for relief. Therefore, his motion is denied, and based on that denial the Court need not address request to amend. *See Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 784 (7th Cir. 1994)

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Gary Charles's motion to recall the mandate and to amend or correct the complaint (ECF No. 25) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of September, 2013.

BY THE COURT:

*[signature]*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**